SCHUMAN *v.* REYNOLDS.

4-8825                                    219 S. W. 2d 929

Opinion delivered April 18, 1949.

Rehearing denied May 23, 1949.

*Wm. J. Kirby,* for appellant.

*Gaughan, McClellan & Gaughan,* for appellee.

GRIFFIN SMITH, Chief Justice. Mary Ruth Reynolds and others were record owners of eighty acres sold by the Collector for delinquent State and County taxes in November 1941. The property was purchased by Manie Schuman, to whom a Clerk's deed was issued September 25, 1945. In a suit filed in June 1947 the record owners alleged errors in the assessment and sale, the nature of which, it was insisted, avoided the sale. From a decree in favor of the plaintiffs, sustaining their contentions in three respects, Schuman has appealed.

The trial Court found (a) that in the absence of record entries affirmatively showing a valuation fixed by the assessor, when considered in connection with the Clerk's testimony, there was a reasonable inference that the Assessor failed to value the land; (b) that a mathematical error caused an overcharge of ten cents for which the property sold, and (c) one of the oaths the Assessor was required to make,[1] was omitted, and another was defective.[2]

Since the overcharge has been established, and it alone is controlling, there is no occasion to discuss other assignments.

Book C (1940) was identified by the Clerk as the official record of Lands Sold to Individuals. Three

[1] Pope's Digest, § 13623.

[2] Pope's Digest, § 13676.

items ($7.16, 72c, and 55c) were extended as $8.53. The Clerk testified that if the owners [during the two-year grace period allowed by law] had sought to redeem, ". . . they would have been required to pay ten cents more than was due."

Appellant replies that in the certificate he received the extension was correctly shown to be $8.43. This, he thinks, was sufficient to create a conclusive presumption that the land was "struck off" for the correct amount, and that the alleged overcharge should be attributed to faulty addition entering into transactions after the sale —an error the Clerk would have discovered had the owners sought to redeem.

But this conclusion is not in harmony with the Clerk's testimony that the owners would have been *required* to redeem as though the sale had been made for $8.53.[3]

In principle the case is not distinguishable from *Lumsden* v. *Erstine,* 205 Ark. 1004, 172 S. W. 2d 409, 147 A. L. R. 1132.

Affirmed.

---

[3] The testimony referred to was: Question: "Then there is an error in taxes, penalty and cost of ten cents?" A. "Yes." Q. "And one redeeming it would have been required to pay ten cents more than was due"? A. "Yes."